## HARBECK *et al. v.* VANDERBILT.

Where the amount due upon a judgment is paid wholly or in part by one
who is not a party to nor bound by it, the judgment is extinguished or
not according to the intention of the party paying.

The taking of an assignment affords unequivocal evidence of an intention
not to satisfy the judgment.

Such an assignment is valid, and the judgment remains unextinguished, in
favor of a person in whose behalf it is obtained, as well where his credit
is accepted as the consideration of the assignment, as where it is for a
payment in cash made by him.

It is immaterial that the person in whose behalf the assignment is taken, is
ignorant of the fact that his interest is thus protected.

*So held,* where one of the defendants in a judgment upon a joint obligation,
paid his aliquot proportion in cash, gave his note for the remainder in-
dorsed by a third person not bound by the judgment, and procured the
judgment to be assigned to a trustee for such third person without his
knowledge.   The judgment remains unsatisfied for the amount not actu-
ally paid by the defendants therein, and may be enforced by the indorser
as an indemnity against his contingent liability.

APPEAL from the Supreme Court.   Action to restrain the
collection of a judgment.   Upon the trial these facts were

proved: Decker and Brown recovered a judgment upon a joint contract against the plaintiffs in this action and six others, of whom the defendant Jacob H. Vanderbilt was one. As between themselves and the other defendants in the judgment, the plaintiffs were only bound to pay one-seventh. An execution having been issued to the sheriff of Richmond county, in which Jacob H. Vanderbilt had abundant property to satisfy it, he, through his attorney, paid to the plaintiffs his aliquot share, one-seventh of the damages, and all the costs in cash and for the remainder he delivered to the plaintiffs in the judgment his promissory note, payable four months after date to the order of and indorsed by Cornelius Vanderbilt. The attorney simultaneously took to himself an assignment of the judgment to be held by him as an indemnity to Cornelius Vanderbilt against his liability as indorser of the note. The execution was then withdrawn. Before the note became due, Vanderbilt's attorney caused a fresh execution to be issued to the sheriff of New York, who was proceeding to enforce its collection from the property of the plaintiffs herein, when this suit was instituted. Jacob H. Vanderbilt omitted to pay the note and Cornelius was charged as indorser and had paid it before the trial. The judge before whom the cause was tried at special term without jury, found the foregoing facts in substance, but held, as a conclusion of law, that the payment of the judgment by Jacob Vanderbilt to the plaintiffs therein was a satisfaction of it, and that he could only call upon his co-defendants for a contribution to the extent of their aliquot shares. The plaintiffs having paid their aliquot share into court he ordered a judgment for a perpetual injunction against the collection of any further sum from them, and that the judgment be canceled of record so far as relates to them. This judgment was affirmed at general term in the first district, and the defendant, Vanderbilt, appealed to this court.

*Nathan D. Ellingwood,* for the appellant.

*J. N. Platt,* for the respondents.

H. GRAY, J.   Every judgment purchased and paid for, is, so far as the plaintiffs in it are concerned, paid; but if at the time of payment an assignment is made by the plaintiffs to a third party for the benefit of one with whose money or credit the payment is made, the judgment, although in one sense paid, is not satisfied, but remains subsisting and valid, until it has answered the purposes for which it was assigned.   The finding if it could have been justly deduced from the evidence should, under the circumstances, have gone the length of concluding that the payment made was intended as a satisfaction; or some other fact should have been found invalidating the assignment.   One or the other was clearly necessary to justify the legal conclusion that the judgment was satisfied, and that the defendants were entitled to have it thus appear upon record.   The naked fact that the amount due upon a judgment is paid to the plaintiffs is undoubtedly sufficient to justify the legal conclusion that it is satisfied; but the fact of payment connected with an assignment to a third party, to indemnify another with whose money or credit it is paid, instead of establishing a satisfaction of the judgment establishes the reverse and proves the judgment to be outstanding.   The conclusion of law, therefore, to which the court arrived, that the judgment was satisfied, except for the purpose of enforcing contribution by co-defendants, was a clear mistake.   Upon the argument, reliance was placed upon the fact that it did not appear that the indorser had any knowledge of the assignment, and therefore it was insisted that he was not entitled to the benefit of it.   The law is otherwise and well settled.   One for whose benefit an assignment is made may affirm and enforce it, though it was made without his knowledge.   (*Berly* v. *Taylor et al.,* 5 *Hill,* 577.)

I am therefore of opinion that the judgment was erroneous, and should be reversed.

SELDEN, J.   The general principles upon which this case depends, are simple and plain.   Where one of several defendants against whom there is a joint judgment, pays to the other party the entire sum due, the judgment becomes thereby extin-

guished, whatever may be the intention of the parties to the transaction. It is not in their power, by any arrangement between them, to keep the judgment on foot for the benefit of the party making the payment. If, therefore, in such a case, the latter take an assignment to himself, or, unless under special circumstances, even to a third person for his own benefit, the assignment is void and the judgment satisfied.

It is equally clear, that if the money be paid, not by one who is a party to the judgment and liable upon it, but by some third person, the judgment will be extinguished or not, according to the intention of the party paying.

The taking of an assignment, whether valid or void, affords under all circumstances, unequivocal evidence of an intention not to satisfy the judgment.

Let us apply these principles then to the present case.

If the whole sum due had been paid by the defendant, Jacob H. Vanderbilt, any assignment taken with a view to keeping the judgment on foot, whether taken to Vanderbilt himself, or to any other person, would have been void. If taken to a third person, the legal presumption would be that it was taken for his benefit, because no other person would have any interest in maintaining it. It would make no difference in the result, whether the sum paid or advanced was in cash or by a promissory note. If accepted upon the judgment, the effect would be the same in either case; and the assignment would be evidence of such acceptance.

On the other hand, if the entire sum due upon the judgment had been paid by Cornelius Vanderbilt, either in cash or by note, and an assignment taken at the same time, the judgment would remain in force for the benefit of the party making the payment; and it would make no difference whether the assignment was taken in the name of such party, or of any other person. If taken in the name of a third person, the law would of course presume, without any extrinsic proof on the subject, that it was taken for the benefit of the party paying, and the only one for whom it could be legitimately taken.

Harbeck *v.* Vanderbilt.

Now then let us suppose that the payment had been made by Jacob and Cornelius jointly, one paying a part and the other a part; that an assignment had been at the same time taken to a third person, and that we had no proof other than what might be inferred from the circumstances, for whose benefit the assignment was taken. If taken for the benefit of Jacob, it would be void and the judgment extinguished, but if for the benefit of Cornelius, it would be valid, although the judgment would still be satisfied to the extent of the payment made by Jacob. What, under these circumstances, would be the legal presumption as to the object of the assignment?

Is there any doubt, that the law would presume it to have been made for a legitimate purpose, rather than one which would make it illegal and void? Of course there can be none.

This is not that case; but does not the same principle clearly apply? Cornelius Vanderbilt did not actually pay any portion of the judgment; but he became contingently liable to pay it, and an assignment of the judgment to protect him against this liability, was just as legitimate and proper, as it would have been to indemnify him for money paid.

Here then is an assignment made, evincing an evident intention not to satisfy the judgment, but to keep it in force for the benefit of somebody. It was perfectly equitable and just, as well as legal, that it should be kept in force as to the defendants who had paid nothing upon it, for the benefit of one who had made himself liable in a certain contingency to pay it. What then must be the legal presumption as to the object of the assignment? Since the law, as we have seen, always presumes a lawful rather than an unlawful intent, it would seem very clear, that in the absence of any evidence to the contrary, it must be assumed that the assignment in this case was taken for the just, proper and legitimate purpose of protecting Cornelius Vanderbilt against the liability which he had assumed. The omission, therefore, of any finding at special term, as to the purpose and object for which the assignment was taken, becomes a matter of no moment.

If these views are correct, the judgment of the Supreme Court, both at the general and special terms, should be reversed and there should be a new trial, with costs to abide the event.

All the judges concurring,

Judgment reversed, and new trial ordered.