WILLIAM COLES, Respondent, *v.* CHARLES E. APPLEBY, Appellant.

One Benham, being the owner of certain premises upon which was a mortgage of $600, held by C., conveyed, by deeds bearing the same date, a portion thereof to Beach and the residue to Baldwin. Beach retained of the purchase-money of his portion, the amount of the mortgage which he agreed to pay. Plaintiff owned a bond and mortgage of $600, which, at the request of and upon being advised by Beach, who was his attorney, that the mortgagor wished to pay, he delivered to Beach with a satisfaction-piece

and the mortgage was satisfied. Beach had an accounting and settle-
ment with C. in which was included the bond so held by C., to whom
Beach paid the balance found due. He took, however, an assignment to
the plaintiff of the bond and mortgage, which he delivered to the latter
in place of the bond and mortgage so satisfied. Beach subsequently
procured a loan from A. upon security of a mortgage on the land so deeded
to him, which he represented to be clear of incumbrance, and A. ac-
quired title thereto, upon foreclosure. The interest on the bond and
mortgage so assigned to plaintiff was paid by Beach until his death, which
occurred about four years after the assignment. In an action to fore-
close said mortgage, *held*, that the facts justified a finding that it was the
intention not to pay and satisfy the mortgage, but to keep the same alive
as an existing and valid security; and that there was a sufficient consid-
eration for the assignment to plaintiff.

Also *held*, that a provision in the judgment requiring the portion of the
mortgaged premises which was deeded to Beach to be first sold was
proper.

(Argued October 27, 1881; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an order
made· May 12, 1880, which affirmed a judgment in favor of
plaintiff, entered upon a decision of the court on trial, at Special
Term. (Reported below, 22 Hun, 72.)

This action was brought to foreclose a mortgage executed by
defendant, Benham, to Joseph Coles, to secure a bond for the
sum of $600, bearing date May 11, 1868.

The trial court found, in substance, that on January 1, 1870,
Benham conveyed to one Beach all of the mortgaged premises,
except a small strip which was on the same day conveyed by
Benham to one Baldwin. Beach retained of the purchase-
money of the parcel conveyed ·to him, the amount of the mort-
gage which he agreed to pay. On the 10th day of July, 1873,
Joseph Coles, who was then the owner and holder of said bond
and mortgage, and Beach had an accounting and state-
ment, and on that day said Beach paid to said Coles the sum
of $154, which, with a mortgage of $1,000, was the balance
found due from said Beach to said Coles upon such accounting,
including the amount due on the $600 mortgage, but the court
found "that it was not the intention of said Beach and said

Coles that said bond and mortgage were to be thereby satisfied and paid." Afterward and on or about the 1st day of November, 1873, the said Joseph Coles, by assignment bearing date that day, and for the consideration therein mentioned, assigned to William Coles, the plaintiff in this action, the said bond and mortgage. The said assignment was prepared by the direction of Beach in his office, and after the execution thereof was delivered with the said bond and mortgage to the plaintiff's agent, for plaintiff, by Beach, and thereafter interest was paid by Beach upon said mortgage to plaintiff to the 1st day of May, 1877. On the 10th day of February, 1874, Beach executed and delivered to defendant Appleby a mortgage embracing the said premises so conveyed to Beach by Benham. Appleby did not examine the title to said premises before taking said mortgage. Beach died on the 18th day of May, 1877, seized of said mortgaged premises.

As conclusions of law the court found "that said bond and mortgage had never been paid or satisfied, and that said mortgage is a valid and existing lien upon the premises described therein."

That in selling said premises that portion sold to the said Beach, and now owned by the defendant Appleby, be first sold, and that the premises conveyed to said Baldwin be last sold, and shall only be sold in case the premises first sold shall fail to realize sufficient to satisfy the judgment to be entered herein, and the costs of executing the same.

That the usual decree in foreclosure, embodying the foregoing provisions, be entered in this action.

Judgment of foreclosure and sale was directed, and it was directed that the portion of the mortgaged premises conveyed to Beach as aforesaid should be first sold. Judgment was entered in accordance with such directions.

Further facts appear in the opinion.

*A. H. Wagner* for appellant. A mortgage paid cannot be restored by parol. (*Harbeck* v. *Vanderbilt*, 20 N. Y. 395; *Purdy* v. *Huntington*, 42 id. 334; *Graves* v. *Mumford*, 62

Barb. 94.)   Excepting by estoppel, a paid mortgage cannot be restored unless by some writing equivalent to a new one, and such instrument must be recorded.   (*Yelverton* v. *Sheldon*, 2 Sandf. Ch. 481 ; *Purser* v. *Anderson*, 4 Edw. Ch. 17 ; *Meade* v. *York*, 6 N. Y. 449.)   The most that plaintiff could claim is that he is the equitable assignee of, and purchaser from Beach of the mortgage debt, and if it was alive after July 10, 1873, Beach was the owner of it.   (*Trustees Union College* v. *Wheeler*, 61 N. Y. 104; *Clute* v. *Robinson*, 2 Johns. Pr. 595 ; *Green* v. *Warwick*, 64 N. Y. 220.)   The legal title to lot A being in Beach when he paid the mortgage on it, he became the equitable owner of the mortgage, and the same merged in his title. (*Skeel* v. *Spraker*, 8 Paige, 185.)   Appleby is not charged with any knowledge of the verbal arrangements made between Benham and his grantees.   (*Corning* v. *Murray*, 3 Barb. 652 ; *Varick* v. *Briggs*, 6 Paige's Ch. 323.)

*Daniel P. Hays* for respondent.   It being evident that Beach intended to keep the mortgage alive the finding that it has never been satisfied or paid, and is a valid and existing lien upon the premises described in it was correct.   (*Champney* v. *Coope*, 32 N. Y. 543; *Harbeck* v. *Vanderbilt*, 20 id. 395; *Purdy* v. *Huntingdon*, 42 id. 334, 339 ; *Graves* v. *Mumford*, 26 Barb. 94 ; *Miller* v. *Lindsey*, 19 Hun, 207; *White* v. *Knapp*, 8 Paige's Ch. 173 ; *Kellogg* v. *Ames*, 41 N. Y. 263.) The only effect of recording an assignment is to protect an assignee of the same mortgage.   (*Green* v. *Warwick*, 64 N. Y. 250.)   Beach, if living, would be estopped from asserting the defense of payment to the mortgage in suit.   (*Kellogg* v. *Ames*, 41 N. Y. 263.)

.MILLER, J.   Two principal questions arise in this case. First.   Whether the bond and mortgage described in the complaint and sought to be foreclosed were paid and satisfied before the assignment to the plaintiff.   Second.   As to the provision in the judgment in reference to the order of sale made by the court.   The first question is raised by exceptions taken

by the counsel for the appellant to several of the findings of fact made upon this trial. Among other things, the judge found that Joseph Coles, to whom the mortgage was originally given by Benham, about the first of November, 1873, for the consideration therein mentioned, assigned the bond and mortgage to the plaintiff; that it was delivered to him and he has since been, and still is, the owner thereof. · The error alleged is a want of consideration paid by the plaintiff for the assignment. The evidence upon the trial established that Mr. Beach, who at the time was the attorney for the plaintiff, requested him to bring to his office a bond and mortgage for $600 which the plaintiff held against one Betts, and which Betts wished to pay. The plaintiff brought the Betts bond and mortgage with a satisfaction-piece and delivered the same to Beach. The Betts bond and mortgage was satisfied, and the bond and mortgage now in question delivered to the plaintiff by Beach in place thereof. We think that the plaintiff, by the surrender of the old bond and mortgage, parted with a full value, taking in lieu thereof an assignment of the bond and mortgage which is the subject of foreclosure in this action, and this was a sufficient consideration for the assignment to him. In reference to the question of payment the judge found that Joseph Coles and Beach had an accounting and a settlement, in which was included as a part payment the amount due on the $600 mortgage; but that it was not the intention of the parties that said bond and mortgage were to be thereby satisfied and paid. An exception was taken to the latter part of the finding.

The same question is presented by an exception taken to the refusal of the court to find that the mortgage had been paid and satisfied in full to Joseph Coles by Beach. The point to be determined is whether the finding of the court as a conclusion of law that the mortgage was not paid was justified. The testimony showed that Beach had said that he would pay the bond and mortgage, and that he afterward certified, upon making a loan of Appleby, that the property was free of all· liens and incumbrances, except one which was specially named.

Joseph Coles swears that the first he ever heard that it was claimed he had assigned it was after Beach's death ; that he has no recollection of making the assignment, and that Coles, the plaintiff, never paid any thing for the assignment to him. In opposition to this it appears that no satisfaction-piece of the bond and mortgage was delivered at the time of the settlement, on the third of July, 1873, and that Beach merely paid the amount due to Joseph Coles. Coles does not remember whether he at the time delivered the bond and mortgage to Beach, and states he might not have delivered it until November, 1873, when he *made* the assignment. It is proved that Beach, after the settlement, directed an assignment to be prepared, and this was executed and delivered with the bond and mortgage on the third of November, 1873, to the plaintiff's wife, and she was informed that they were in place of the Betts bond and mortgage. Beach was the owner of the premises, and paid the interest on the mortgage until May, 1877. Subsequently, in a schedule of this property, he directed his clerk to state, in connection with a statement as to the mortgaged premises, that it was subject to a mortgage of $600. Even if it be assumed that there was more testimony to show that the conduct of Beach was inconsistent with the assignment of the bond and mortgage, yet, with the assignment executed by the mortgagee, his want of recollection and other evidence, there is strong testimony to establish that it was intended to keep the mortgage alive as an existing and a valid security. In *Champney* v. *Coope* (32 N. Y. 543), the question as to what constituted the payment of a mortgage is discussed, and it is laid down in the opinion of the court that when the amount due is paid, the intent of the parties in making such payment, whether to extinguish or keep alive the security, will govern. (See, also, *Harbeck* v. *Vanderbilt*, 20 N. Y. 395 ; *Kellogg* v. *Ames*, 41 id. 263.) Having this principle in view as the weight of evidence stood, the court were fully justified in the finding made and the refusal to find as severally excepted to, as well as in the legal conclusion arrived at, that

the bond and mortgage was not satisfied, and was a valid and existing lien on the premises described therein.

It is said that Beach was agent of Benham and received the money to pay the $600 mortgage. This is undoubtedly the case; but he was equally the agent of Joseph Coles and of the plaintiff, and as his obligation to all of them was the same, and the plaintiff advanced his money upon the security of the bond and mortgage, and it was duly assigned to him by a proper instrument and for a valuable consideration, if it was intended that the mortgage should not be paid but kept alive, no reason exists why the plaintiff should be deprived of the right to the mortgage by virtue of the assignment to him. He received it in good faith, and unless the bond and mortgage was actually paid, is entitled to collect the amount secured thereby out of the mortgaged premises. Under the circumstances the appellant is less entitled to the protection of a court of equity, because at the time he made the loan an examination of the records would have disclosed that the plaintiff's mortgage stood unsatisfied. No such examination was made, and hence it was his own *laches* which has placed him in the position he now occupies. It may also be remarked that Beach was acting for himself at the time in purchasing the premises, and it cannot, therefore, be assumed that at the same time he was attorney for Joseph Coles alone. The right of the plaintiff to enforce the bond and mortgage does not rest upon a parol agreement to restore the mortgage, but upon the intention at the time to preserve it as a lien shown by the assignment itself and the circumstances attending the transaction. If there was no intention, as the court have found, to pay and satisfy the bond and mortgage, then the plaintiff was the owner thereof and more than an equitable assignee of the same. He had paid a consideration and the assignment vested the title in him without any limit or restriction whatever. Even if the equities were equal, the plaintiff had a written assignment of the bond and mortgage which made him the lawful owner thereof. The rule that the assignee of a mortgage takes it subject to all the latent equities can have no application to this case, and cannot

be invoked for the benefit of the appellant, as his rights were acquired sometime after the assignment to the plaintiff. And although the purchaser must abide the case of the person of whom he buys, yet if there was, as we have seen, an intention to assign, the title of the assignee became perfect and complete.

In regard to the order of sale directed by the court, it is of no importance to the plaintiff which of the two lots covered by the mortgage is first sold, as both are liable for the demand by virtue of the same. As to Benham, both must be sold before any claim can be made against him upon the bond for a deficiency; but if the premises conveyed by him to Baldwin are first sold, he may be liable on the covenants in the deed to Baldwin. Benham does not ask for any such relief in his answer, and Appleby asks that the premises conveyed to Baldwin be first sold, and neither Baldwin nor Mrs. Weeks, his grantee, are parties to the action. In regard to Beach, Appleby's grantor, and Benham, Baldwin's grantor, Beach having retained the purchase-price of the premises bought by him of Benham and sufficient money to pay the mortgage, and having undertaken to pay it, he would be estopped from claiming that the portion of the premises not conveyed to him should be first sold, or that the bond and mortgage in suit had not been paid, and if the controversy was between them the provision in the judgment as to the order of sale would be correct. Each of the grantees respectively occupies the same position as his grantor and stands in his place. Such being the case the provision in the judgment as to the order of sale was manifestly right. The deed to Baldwin and to Beach bear date and were executed evidently at the same time, and the fact that the deed from Benham to Beach was recorded before the deed to Baldwin does not, we think, change the relations or obligations of the parties under all the circumstances presented, and the recording act can have no application. The rule as to the order of sale is an equitable one, and governed entirely by equitable principles, and no valid reason appears which sanctions a change in this respect.

The question put to the witness, Joseph Coles, as to the pre-

cise time when he received the mortgage was competent as a cross-examination, the witness having testified upon that subject upon his direct examination. There was, we think, no objection to the introduction as evidence of the Betts bond and mortgage to William Coles for $600, and of the satisfaction-piece thereof, and of the other testimony in connection therewith tending to show that the plaintiff had parted with value for the bond and mortgage in controversy and that it was a substitute for the Betts bond and mortgage. The testimony showing Beach's acts was also competent upon the question as to his intention. There was no error in the refusal of the court to find that Beach died seized of the premises, or to its finding that his children took no estate and were not necessary parties, and as to the costs of their guardian *ad litem*, that question is not now properly presented.

The judgment should be affirmed.

All concur.

Judgment affirmed.