Barker, J.
The merchants’ bank, the only appellant, acquired title to the premises by a deed of conveyance from the mortgagor, dated the 28th day of January 1884. As a defense to the action, the bank claims that prior to that time the mortgage was fully paid by the mortgagor and had ceased to be a hen on the premises. The title to the lands was vested in the mortgagor at the time of the execution of that instrument.
On the 23d day of March, 1883, A. B. Raymond & Sons were indebted to the mortgagee, the traders’ bank, in the sum of $1,000, and no more, for which the bank held their note, and it is admitted by all the parties that its payment was secured by the mortgage. At that time the partnership previously existing between A. B. Raymond & Sons, the makers of the note, had been dissolved, and the said mortgagor being in' need of money, applied to the personal representative of the estate of Nathaniel Requa, for a loan of $3,000 then in his hands, belonging to the said estate; and, as found by the trial court, that Raymond promised and agreed that, as security for the payment of the said sum of $3,000, he would cause to be assigned as a security the mortgage in question, and represented that the same was good and valid security for the sum of $3,000, and that that sum was then due thereon. The evidence fairly sustained this finding
The trial court made a further finding, “that on the 22d day of March. 1883, in pursuance of the said agreements, the plaintiff loaned and advanced to A. B. Raymond & Sons the sum of $3,000; that the said A. B. Raymond paid a part of the said sum to the Traders’s National Bank, the mort *101 gagee, in the payment of the note then held by that bank; that the said A. B. Raymond executed and dehvered to the plaintiff his promissory note, dated on that day, whereby, in one year after date, he promised to pay to the said plaintiff the sum of $3,000, with interest. And at the same time the said Traders’ National Bank executed and dehvered to said plaintiff an assignment of the said mortgage dated that day. That ah the said acts mentioned in this finding of fact were done at the same time, and as a part of one and the same transaction, and that it was the intention of the parties not to satisfy the said mortgage,, but that the same should be transferred as security to the said plaintiff for the said sum of $3,000, so by her advanced to the said Raymond on that day.”
I also think that the evidence supports these conclusions, except as to the portion of the finding wherein it is stated that the loan was made to A. B. Raymond & Sons. Without adopting that particular finding as well sustained by the evidence, the case will be considered as if the loan was made to A. B. Raymond personally, and that will then present the case, so far as the facts are concerned, as favorable at least to the appellant, as if that portion of the finding was not questioned.
It being the intention of the parties to the transaction to keep the mortgage alive and to continue the same as an existing lien on the premises as a security for the repayment of the loan made by the plaintiff to the mortgagor, who was then the owner of premises, there is no legal impediment in the way of giving full effect to their agreement, as between themselves. It was a lawful contract, one which the parties to the agreement were competent to make, and if carried into effect only effected their own interests and property.
The consideration for the mortgagor’s promise, that the mortgage should continue a hen on his lands, was ample,, and moved directly from the assignee of the mortgage who is now seeking in this action to realize the fruit of the promise by securing a repayment of the money she loaned and advanced to the mortgagor. The circumstances fairly justify the conclusion that the plaintiff understood when the transaction was closed up, and the money was paid over and the mortgage transferred and the note given, that the note represented the indebtedness which Raymond & Sons owed the bank at that time.
It appears, at the time the transaction was concluded, that the plaintiffs agent paid over the $3,000 at the bank, in currency, laying the same on the counter in the presence of the officers of the bank, and the assignment was then delivered by them, and Raymond dehvered his note to the *102 plaintiff’s agent. The bank received of the currency $1,000, in payment of the note of A. R. Raymond & Sons, for that amount, which it then held and delivered the same canceled to Mr. Raymond, the mortgagor. The form of the assignment also indicated that the parties to the transaction intended that such should be the result of their negotiations and arrangement. The assignment was in writing, and stated that it was made upon a good and valuable consideration to the bank in hand paid by the assignee. It then contained a full description of the mortgage, and concludes in these words: ‘‘ Together with the bond accompanying the said mortgage, and therein referred to, and all sums of money due and to grow due thereon.”
As there was no bond accompanying the mortgage, the reference thereto may be regarded as a misdescription of the character of the indebtedness secured by the mortgage. However this may be, the instrument indicates that it was for the purpose of the assignor to sell and transfer to the assignee the debt secured by the mortgage. The direct" evidence on that "subject supports this view of the transaction.
The agent who represented the plaintiff testified: “I received a transfer of this note and the mortgage itself, concurrently with the delivery of the money.” “I met one of the officers of the bank there and paid the $3,000 and took this note and transfer.” “I understood the indebtedness of Raymond to the bank was $,3000.” Raymond testified that he requested the bank to transfer the mortgage to the estate of Requa, and received $3,000 in consideration of the transfer.
It is not inconsistent with any of the findings, as set forth in the decision, to hold the fact to be that it was the intention and purpose of the parties to have the debt due the bank renewed by the note and transfer to the plaintiff. If the evidence sustains these views then it should be assumed on this appeal, in support of the judgment, that the trial judge was of the same opinion, and so held as a matter of fact. If the note given by Raymond embraced the debt owing to the bank at the time of the transfer, then the plaintiff, as assignee of the mortgage, may enforce the same unquestionably to the extent of $1,000. Whether it should be limited to that sum, as between the parties, will be considered further on.
It is contended, however, by the defendant that so far as the loan was conceded, it was a transaction between Raymond and the plaintiff, and that the bank received the money from Raymond in payment of its indebtedness against A. B. Raymond & Sons, and that the same was thereby extinguished. But if it is conceded that such was *103 the nature of the arrangement, yet, if at the time of the payment, it was agreed that the mortgage should not be extinguished, but should be kept alive and be transferred to the plaintiff as a security for the payment of Raymond’s note, the payment of the note to the bank would not extinguish the mortgage, and the plaintiff, to whom the same was assigned in pursuance of such an arrangement, can enforce it, as no one is injured by such a transaction. Hubbell v. Blakslee (71 27. Y., 63), is an authority in support of this proposition, which is stated substantially in the language of the opinion in that case. To the same effect is the case of Davis v. Chamberlain, decided in the court •of appeals, in June, 1860, not reported, but is referred to and approved by that court in the case of Champney v. Coope (32 27. Y. 548). In that case the mortgage had been given by an individual banker to the comptroller to .secure circulating notes. A deposit was made by the banker with the bank department sufficient to meet the amount of the outstanding notes, and the banker having negotiated a transfer of the bond and mortgage to another bank, the bank department reassigned the bond and mortgage to the individual banker, who then assigned it to' the bank, to which he had negotiated for its transfer, and the latter bank assigned it-to the plaintiff in that action, and.in •a suit to foreclose the mortgage the court held that as it was not the intent of the parties, by the payment to the bank department and the reassignment of the original mortgage, to extinguish and satisfy the bond and mortgage, but to keep them alive as valid and existing securities, the securities remained valid and unaffected by the payment to the bank department of the amount which it held the same at the time of the reassignment to the original mortgagor.
I am unable to see why the doctrine of the latter case is not decisive of the one now under consideration. In this case there never was a union of the equitable and legal estates, and the debtor and the creditor never became the •same person, and equity will preserve the rights as distinct •according to the intention of the parties. In Champney v. Coope (supra) the rule is stated to be well settled in relation to mortgages that if the amount due thereon is paid, the intent in making such payment, whether to extinguish or to keep alive the security will govern. See, also, Harbeck v. Vanderbilt, 20 N. Y., 395; James v. Morey, 2 Cow., 248. In the cases cited the proposition seems to be clearly affirmed that a debtor can make payment of his debt for the account of the creditor to whom he desired the mortgage to be assigned, and the creditor could ratify the transaction by accepting the assignment, and that such payment would not extinguish the mortgage, and the creditor to *104 whom, the mortgage was assigned in pursuance of such an agreement, can enforce the same.
In this' case, the mortgage upon its face was intended to- • be a security for a debt to be thereafter created, and the plaintiff becoming the assignee stands in the place of the original mortgagee, and the mortgagor becomes a debtor to the assigee, and consents that the mortgage may remain in. force for the new indebtedness.
The case as thus far considered has been upon the oral evidence alone, which was relied upon to show the assented the mortgagor that the mortgage should be continued and held as a further security. But there is other and more solemn and conclusive evidence in writing, that such was the purpose. Three days after the execution of the-deed by Raymond to the appellant, the latter leased the premises to Raymond by an instrument in writing, signed by both parties, and as one of the considerations for the use, Raymond agreed to pay the interest upon this mortgage and that promise is in these words, “and also the interest due and to become due during said term on an. existing mortgage of $3,000 on said premises.”
No doubt can be entertained but what the mortgage in-question was the one there referred to, and the substantial admission on the part of Raymond is, that there was due upon the same $3,000.
If the transaction between Raymond and the plaintiff should be regarded in all respects as an original one, then the evidence fully meets the requirements of the statute: “ That no estate or interest in lands other than a lease for a term not exceeding one year, nor in trust or power over or concerning land, or in any manner relating thereto, shall be -: hereafter created, granted, assigned, surrendered, or declared, unless by operation of law by deed of conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his [lawful agent thereunto authorized in writing.” The case * is not, therefore, in conflict with these provisions of the statute, for the lease contains a sufficient declaration in writing on the part of Raymond, that the mortgage was- and might continue in force as a hen upon his interest in the premises.
i It will be seen in considering another point in the case, that it is unimportant so far as the bank is concerned, that this paper was executed by Raymond after the conveyance by him to it.
As there are no subsequent encumbrancers or judgment-creditors claiming to have a hen upon the premises, we do not need to refer to the case, holding that a paroi agreement, hke the one under consideration, would not be effect *105 ive to protect the plaintiffs’ rights and equities as against their hens. Yet it is well-settled that a mortgage may be given to secure further advances and if such purpose is not expressed on the face of the mortgage, it may be proved by paroi, as between the parties to the mortgage and against all subsequent lienors who, when their liens attached, were informed of the object and purpose of the mortgage. Bank of Utica v. Finch, 3 Barb. Ch., 293; Truscott v. King, 2 Seld., 147; McKinster v. Babcock, 26 N. Y., 381.
Upon all the facts of the case, the plaintiff had the indisputable equitable right as against the defendant Raymond to enforce her mortgage as a lien upon the premises, for the entire amount which is unpaid upon the mortgagor’s note. He is concluded by his assertions and statements, from proving the contrary, by the principles of equitable estoppel; nor does he appear in the action, to assert-anything contrary to his representations upon which the plaintiff acted, relying upon their truth.
We may now inquire if the appellant, the purchaser of the title from the mortgagor, is in a situation to question the validity or the amount due upon the plaintiff’s mortgage.
The conveyance was in terms made subject to the mortgage and the words used to signify this intention are: “This conveyance is made subject to a certain mortgage of $3,000 made by A. B. Raymond, one of the parties of the first part hereto, and originally given to the Traders’ Rational Bank, of the city of New York, state, of New York.” The defendant is in no position to question the validity of the mortgage nor to insist that it is not a lien upon the land and can only be permitted, as the case now stands, to inquire as to the amount of the debt secured thereby, which in no event can exceed the sum mentioned on the face of the mortgage.
It is well settled in this state that the purchaser who takes a conveyance of the premises from a mortgagor subject to the hen of the mortgage, the mere equity of redemption only is conveyed, and this so in cases where there are also covenants of warranty embraced in the conveyance. This is so whether the mortgage be valid or void, and the rule is placed upon the ground that the mortgagor has reserved to himself an estate in the premises equal to the amount of the incumbrances. Applying this rule to the case in hand, Raymond being the absolute owner of the premises, he had the right to reserve to himself any interest in the land, and the interest which he did reserve was equal to his own debt, which he owed the plaintiff secured by the mortgage and *106 which he had therefore devoted to that purpose. The rule is the same although there is no agreement on the part of the grantee to pay and discharge the mortgage debt, for the reason of the rule is based upon the fact that the grantor has reserved an interest in the premises. Hartley v. Harrison, 24 N. Y., 175; Freeman v. Auld, 44 id., 50; Hopkins v. Wolley, 81 id., 77; Bennett v. Bates, 94 id., 354.
There was sufficient data on the face of the mortgage to put the grantee upon inquiry, and as he took the conveyance from the mortgagor himself, it is not to be presumed that it was deceived as to the amount due thereon, and besides this, the evidence in the case quite satisfactorily establishes the amount claimed to be due upon the mortgage by the holder thereof which was disclosed to the officers of the bank during their negotiations which led to the conveyance. The lease which they gave back to the grantor immediately thereafter recites that there was due upon the mortgage the sum of $3,000.
Our examination of the case convinces us that the conclusions of the trial court, upon both the law and the facts, were correct. ‘
Judgment affirmed, with costs.
All concur.