(11 Misc. Rep. 88.)

## BOGERT v. STRIKER et al.

(Common Pleas of New York City and County, Special Term.  January, 1895.)

MORTGAGES—PAYMENT—REISSUE.

> A mortgage which has been paid may nevertheless, on a valuable consideration, be kept alive for other purposes, where the rights of third persons have not intervened.

Action by Henry A. Bogert, as trustee, against Elsworth L. Striker and others.

W. T. Schley, for defendant Bliss.
Abm. Elkus, for defendant Robert.

DALY, C. J.   The question in the case is whether the mortgagor, Striker, after paying off his mortgage to Weil, could revive it, and transfer it to Robert, as security for a new indebtedness, as against a subsequent grantee for value, but with constructive notice of the mortgage, it never having been satisfied of record. The latter invokes the rule that the payment of the mortgage debt extinguishes the mortgage.   Hill. Mortg. (4th Ed.) 473; 1 Jones, Mortg. § 943; Mead v. York, 6 N. Y. 449.   But this rule has its exceptions; and the payment by the mortgagor to the mortgagee does not cancel the mortgage, where the intent of the parties is that it should be kept alive, and where the equitable rights of innocent parties require that it should be.   Champney v. Coope, 32 N. Y. 543.   When the amount due is paid, the intent of the parties in making such payment, whether to extinguish or keep alive the security, will govern.   Coles v. Appleby, 87 N. Y. 114–119.   Although a mortgage may have been paid, yet, on a valuable consideration, it may be kept alive for other purposes, where the rights of creditors and other persons have not intervened.   Purser v. Anderson, 4 Edw. Ch. 18.   In the case last cited a bond and mortgage were given to secure the mortgagee against a note which he had made for the mortgagee's accommodation, and this note was afterwards paid, but the bond and mortgage were afterwards assigned, for a valuable consideration, to a third party.   The vice chancellor held that, notwithstanding the mortgage was satisfied by the payment of the note, and became a dead letter in the hands of the mortgagee, it might, with the assent and concurrence of the mortgagor, be assigned, and in the hands of an assignee for value would be a valid and subsisting security.   But in that case it appeared that, before the assignee parted with his money and took the assignment, the mortgagor gave a new mortgage to another party, and therefore it was held that it was not competent for the parties to the defunct mortgage to revive it to the prejudice of the holder of the new security.   In Kellogg v. Ames, 41 N. Y. 259, it was held that a purchaser of real estate incumbered by a mortgage, which he assumed, and subsequently actually paid off, could nevertheless, having taken an assignment in blank at the time of payment, reissue such mortgage to another creditor, in payment of a debt, so as to bind the land in the hands of a subsequent purchaser from him, and that foreclosure could be decreed in favor of the assignee.   It was said that the mortgage was not canceled or extinguished by the payment, an assignment having been taken, and there being no intention that it should be regarded as paid or merged, the party paying not being the mortgagor; that when he subsequently sold the mortgage, as a valid and subsisting security, he was the owner of the lands, and capable of charging them with, or continuing, an incumbrance upon them, and must be held to the full legal effect of a parol agreement that the mortgage should continue a lien upon the premises mortgaged; that, had he continued to be the owner of the land, in an action to foreclose he would have been estopped from alleging that the mortgage was not a valid and subsisting security and a perfect

lien; and that his subsequent grantee of the land, taking the deed with constructive notice of the unsatisfied mortgage upon the record, steps into his grantor's place, and the estoppel controlling upon the latter was controlling upon him. In Coles v. Appleby, supra, a mortgage was allowed and paid in a settlement of accounts between the parties, but was subsequently assigned, by consent of both, for value; and it was held that the facts justified a finding that they did not intend that it should be paid and extinguished, and that it was enforceable against a subsequent mortgagee, it being unsatisfied upon the record. And it was held that, when the amount due upon a mortgage is paid, the intent of the parties in making such payment, whether to extinguish or keep alive the security, will govern; citing Harbeck v. Vanderbilt, 20 N. Y. 395, and Kellogg v. Ames and Champney v. Coope, supra.

In the present case, Striker, the mortgagor, took a satisfaction piece of the mortgage when he paid the amount due upon it to Weil, the mortgagee, but did not file the satisfaction piece, keeping it in his possession, together with the bond, which was returned to him. He did not then get the mortgage, because it had not yet been returned from record. That mortgage was made May 15, 1891, payable on June 18, 1891, and was paid by Striker, the mortgagor, when it fell due. Two weeks afterwards, he took the bond and satisfaction piece to Robert, and gave them to him, and promised to give him the mortgage, and an assignment thereof, and upon the faith of the bond, mortgage, and assignment Robert then advanced $1,000 to Striker. The facts indicate a clear intent on Striker's part not to extinguish or satisfy the mortgage by the payment to Weil, but to keep it alive for further use; an intent explained by the testimony that his wife refused to execute a new mortgage. The evidence of intent is as clear as in Coles v. Appleby, supra, for in that case the party paying the mortgage afterwards certified that the property was free of incumbrances, and the mortgage was not assigned until nearly four months afterwards. In the present case the use of the mortgage as security for a new debt was almost immediately after the payment of the original debt. The object of keeping the security alive was clearly made out, and the withholding of the satisfaction piece from record is conclusive evidence of intention to preserve the mortgage as a lien upon the land.

With respect to the equities between Striker and Robert, who advanced the money upon the faith of the mortgage as a valid and subsisting security, the facts bring the case exactly within the decision of Kellogg v. Ames; and, as Striker would be estopped from denying the validity of the mortgage, his subsequent grantee with constructive notice of the unsatisfied mortgage upon the record steps into his place, and the estoppel, controlling upon the grantor, is controlling upon him. The equity wanting in Purser v. Anderson is with the assignee here, who parted with his money on the faith of the mortgage before the subsequent conveyance was made. It must be deemed, therefore, that the mortgage from Striker to

Weil, although paid and satisfied to the latter, was not extinguished, because it was the intention of the mortgagor that it should not be; that he could and did reissue it as a subsisting lien upon the lands to his creditor, Robert, for value, before any rights of creditors or third parties intervened, and that it was a lien prior to the subsequent conveyance, which was taken with constructive notice of it unsatisfied upon the record.   Report confirmed, with costs.