(34 Misc. Rep. 279.)

## STORZ v. BOYCE.

(Supreme Court, Trial Term, New York County.    March, 1901.)

1. JOINT JUDGMENT—SATISFACTION.

A joint foreign judgment against sureties, which has been paid in full by some of them, is extinguished, whatever may have been the intent of the parties.

2. SAME—ASSIGNMENT.

Where a joint foreign judgment against sureties has been extinguished by payment in full by some of them, it cannot be assigned by the judgment creditor to another surety, who paid no part of the debt, to enable

his assignee in another state to recover of a nonresident surety as on a money demand so much of the debt as such nonresident surety had agreed to pay.

Action by John Storz against Henry H. Boyce. Defendant, with several others, became bondsmen for a tax collector in California. The principal defaulted, and judgment against his sureties in California was assigned to plaintiff, who brought suit against defendant, one of the sureties, for the full amount of the judgment. Defendant, in his answer, alleged that there had been no assignment of the claim to plaintiff, and that he was not liable, because the action was brought for the full amount of the default. Plaintiff introduced an assignment by the county supervisors in California, showing that at the time of the assignment of the claim it had been paid. Defendant claimed that under the laws of California the rights under the judgment passed to the parties who had made payment. Complaint dismissed.

McKoon & Luckey, for plaintiff.
Woodville Flemming, for defendant.

MacLEAN, J. One Hammond, some time collector of taxes of Los Angeles county, Cal., defaulted. He and his bondsmen, among whom were the defendant herein and one Bosbyshell, were proceeded against by the state of California, which recovered, January 20, 1894, a judgment in favor of the people of that state against the defaulter and against the several bondsmen for the sums in which they respectively had become bounden, aggregating, with interest and costs, $18,559.89. Later the judgment was amended by adding:

"It is further ordered, adjudged, and decreed that the amount hereinabove adjudged and considered to be due from the defendants herein jointly or severally to the plaintiff herein is so due to said plaintiff in trust for the exclusive use and benefit of the county of Los Angeles, state of California, and that satisfaction of said judgment be made by payment of said amount to said county of Los Angeles, or its lawful assigns."

Bringing this action as the assignee of Bosbyshell, this plaintiff, upon the trial, put in evidence an assignment from Bosbyshell to himself, and the roll of the above-mentioned judgment, to which was attached a paper running:

"For and in consideration of the sum of $21,168.30, to it in hand paid, the receipt whereof is hereby acknowledged, the board of supervisors of Los Angeles county, California, by a resolution duly made and entered, has, and by these presents does, assign and set over to Wm. F. Bosbyshell this judgment, and all the rights, interests, and remedies of the board of supervisors aforesaid or to the county of Los Angeles therein."

That resolution the plaintiff likewise produced, and put in evidence without qualification or reserve. Its first and supporting recital runs:

"Whereas, certain of the defendants in the case of the people of the state of California against El. Hammond et-al. * * * have paid to the county of Los Angeles the sum of $21,168.30 upon the judgment rendered in the said cause."

The sum thus acknowledged to have been paid was the whole amount of and interest (at 7 per cent.) upon the judgment for the

benefit of and to be satisfied by payment to the county of Los Angeles. So the judgment was satisfied by certain of the defendants. It was not purchased by a third person neither a party to the action nor bound by its outcome. The board of supervisors had nothing to transfer to Bosbyshell when it resolved to assign. Its assignment was void. "Where one of several defendants against whom there is a joint judgment pays to the other party the entire sum due, the judgment becomes thereby extinguished, whatever may be the intention of the parties to the transaction. It is not in their power, by any arrangement between them, to keep the judgment on foot for the benefit of the party making the payment." Harbeck v. Vanderbilt, 20 N. Y. 395, 397; Armitage v. Pulver, 37 N. Y. 494. The proof in this action is not to be eked out or altered by the suggestion that a joint surety often has a claim for contribution. The plaintiff has not brought this action for contribution, but as an assignee of an assignee (by request) of the cestui que trust he demands, with interest, the whole sum named against the defendant in the judgment or in the bond, alleging that no part thereof ($5,200.80) has been paid, although his principal only covenants that $2,200 is due. Some of the "certain of the defendants" may have paid more than their shares, some less, some just their aliquot parts. That Bosbyshell paid anything either as surety, or as defendant, or as purchaser, does not appear. It does appear that the judgment was satisfied by the cosureties of Bosbyshell and Boyce.

Complaint dismissed.