(40 Misc. Rep. 693.)

O'BRIEN, Sheriff, v. ALLEN.

(Supreme Court, Appellate Term. May, 1903.)

1. SHERIFF'S FEES—LEVY OF EXECUTION—RELEASE OF JUDGMENT—LIABILITY OF ATTORNEY.

Laws 1892, p. 868, c. 418, § 17, subd. 7, amending Laws 1890, p. 936, c. 523, provide that the sheriff is entitled to fees where he makes a collection, or where a settlement is made after levy, or where execution has been vacated and set aside. After a levy made by a sheriff, the execution defendant exhibited to him an instrument purporting to be a release of the judgment, and the sheriff released the levy, and sued plaintiff's attorney for his fees. There was no allegation that defendant satisfied the judgment or countermanded the levy. Held, that defendant was not liable to the sheriff for poundage on the execution.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William J. O'Brien, as sheriff, against James A. Allen. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

E. Harding, for appellant.
S. W. Stern, for respondent.

TRUAX, J. This is an appeal from a judgment of the Municipal Court and from an order denying the defendant's motion for a new

trial. On the 10th day of November, 1887, one Christian Meller obtained a judgment in the City Court of the city of New York against one Louis J. Porr for the sum of $1,637.85. On the same day an execution was issued thereon against the real and personal property of said Porr to the sheriff of New York county, and on the 15th day of November, 1887, the said sheriff returned the said execution wholly unsatisfied. Christian Meller died on the 12th day of February, 1890, intestate. On the 24th day of October, 1902, one Frieda Morian, daughter of said Christian Meller, retained the defendant herein as her attorney at law to procure letters of administration de bonis non upon the estate of the said Christian Meller remaining unadministered, and to collect the said judgment. The defendant procured the issuance of such letters de bonis non, and was directed by the said Frieda Morian to issue an execution upon the above-mentioned judgment in her name as such administratrix, against the property of the said Porr, the judgment debtor; and such execution was, on the 24th day of October, 1902, issued to the sheriff of the city and county of New York. On said day the sheriff levied on certain personal property of the said Porr, the defendant in the judgment. On the 25th day of October, 1902, the said Porr exhibited to the said sheriff a written instrument purporting to be a release of the said Porr from said judgment, dated the 11th day of December, 1888, and thereupon the sheriff withdrew the keeper that he had put in charge of said property and released his levy thereon. On the 28th day of October, 1902, the sheriff returned the said execution wholly unsatisfied, and in his return assigned as his reason therefor that said judgment had been satisfied. This action was brought by the plaintiff to recover the sum of $102.70 as poundage on the said execution.

The right of a sheriff to fees is derived from and depends upon statute. At common law a sheriff could not lawfully receive fees. The statute in force, subdivision 7, § 17, c. 418, p. 868, of the Laws of 1892 (which chapter amends chapter 523, p. 936, of the Laws of 1890), provides that the sheriff is entitled to certain fees where he makes a collection, or where a settlement has been made after levy, or where the execution has been vacated and set aside. Campbell v. Cothran, 56 N. Y. 279. In this case the sheriff did not make a collection, nor was a settlement made after levy, nor was the execution vacated or set aside, and therefore the sheriff is not entitled to poundage. It was held in the case of Flack v. State of New York, 95 N. Y. 461, that a sheriff's right to poundage is made, by the language of the statute, to depend exclusively upon the collection of the money called for by the process, and that no right to the statutory fees can arise in favor of the sheriff except on collection of the execution, or the interference by the plaintiff in the execution by the performance of some act which in law is deemed to be the equivalent of collection. The case now before this court does not show any interference by the plaintiff in the execution which should be deemed in law the equivalent of collection. It is also to be borne in mind that the defendant in this action was not the person in whose behalf the execution was issued. He was simply acting as attorney for that person. In Van Kirk v. Sedgwick, 87 N. Y. 265, it was held that the

sheriff may look to the attorney only when the judgment itself is satisfied or discharged, or the attorney has countermanded the execution. The plaintiff herein does not allege that the defendant satisfied or discharged the judgment, or that he countermanded the execution, and therefore the plaintiff failed to show facts entitling him to recover from the defendant herein as attorney who issued the execution. Judgment and order appealed from reversed, and new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.