MARIA G. HUBBELL, Appellant, *v.* GEORGE H. BLAKESLEE
et al., Impleaded, Etc., Respondents.

C. B. executed and delivered to T. a note and mortgage as collateral
security for indorsements. L. B., the wife of C. B., as further security
for the indorsements and other indebtedness of C. B., assigned to T. a
contract held by her for the purchase of certain lands, T. agreeing to
reassign upon payment of the husband's indebtedness. T. subsequently
received a deed from the vendors, and after his death his executors
agreed with C. B. and L. B., that upon surrender of her equity of
redemption, they would assign the note and mortgage to plaintiff, to be
held by her as collateral security for a debt of C. B. to her. Plaintiff
aided in perfecting the arrangement by paying a lien upon L. B.'s
equity of redemption, and received the assignment. In an action to
foreclose the mortgage, *held,* that the arrangement with the execu-
tors of T. was not in effect a payment and satisfaction of the note
and mortgage, but that plaintiff acquired a good title thereto, and to
the amount that was due, at the time of the assignment, on the note and
mortgage from C. B. to the estate of T., plaintiff could hold the lien
as assignee; that L. B., on payment of her husband's debt, was entitled
to a transfer to herself or to her nominee of the securities held by the
creditors; and that it was competent for the parties, under the circum-
stances, to cause them to be kept alive for plaintiff's benefit.
*It seems,* that if the payment had been made by C. B. out of his own
funds, yet if it was agreed at the time, and payment was made and
received on the condition that the mortgage should be kept alive and
transferred to another creditor of the mortgagor, such an agreement
would have been valid, and the payment would not have extinguished
the mortgage.
At the time of the execution of the note and mortgage it was agreed,
verbally, that they should be held by T. both as collateral security for
his own and for plaintiff's claim against C. B. *Held,* that the arrange-
ment was valid; that the note and mortgage being personal property,
could be held by T. in part for his own benefit, and in part in trust for
the benefit of another.
*Hubbell* v. *Blakeslee* (8 Hun, 603) reversed.

(Argued September 28, 1877; decided October 9, 1877.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, reversing a judg-
ment in favor of plaintiff, entered upon a decision of the
court on trial at Special Term, and granting a new trial.
(Reported below, 8 Hun, 603.)

This action was brought to foreclose a mortgage executed by defendants, Charles Burgess and Louisa Burgess, his wife, upon premises owned by the former. Defendants, Blakeslee and others, attachment and judgment-creditors of said Burgess, defended on the ground that the mortgage and note, to secure which it was given had been paid.

The court found, in substance, the following, among other things:

At the date of the note and mortgage, the defendant Charles Burgess, became indebted to one Allen Todd in the sum of $3,158.72-100, the whole amount, except a few dollars of which was for promissory notes of divers persons, which had been indorsed and transferred by Burgess to Todd; Burgess had before that time, and on or about November, 1870, also become indebted to the plaintiff in the sum of $3,500, and interest, being upon his guarranty to her of the collection of three promissory notes, made by one Requa, and transferred by Burgess to plaintiff; as collateral to his indebtedness to Todd, Burgess made and delivered to Todd the said promissory note, and said Burgess and Louisa Burgess, his wife, at the same time, and as collateral to said note, executed to Todd the mortgage in suit; at the time of the execution of said note and mortgage, it was agreed between Todd and Burgess, in substance, that the note and mortgage should be held by Todd, as well for the security of the indebtedness of Burgess to plaintiff, as for his own claim against said Burgess ; that Todd should first hold the same as collateral security for his own claim until said claim should be discharged, and thereupon the same should be assigned to, and held by plaintiff as collateral security for her claim. Todd accepted and received the note and mortgage under said agreement, and directly after the execution and delivery thereof, the terms of said agreement were communicated by both Todd and Burgess to plaintiff, who assented thereto. Thereafter Burgess became still further indebted to Todd, and as a further collateral security, he caused to be transferred to Todd a certain land contract,

which Louisa Burgess, his wife, held for the purchase by her of certain lots, situate in the city of Rochester, from one Frederick Vose and Charles A. Davis; Todd at the same time executing to said Louisa Burgess a written contract, agreeing to convey to her all his interest in said property on receiving payment. In pursuance of said land contract, Todd procured to be executed to him by said Vose and Davis a deed of the property. Thereafter Todd died, and it was subsequently agreed between his executors and Burgess and wife, that said contract between Todd and Mrs. Burgess should be surrendered up and canceled, on condition that said executors would assign to plaintiff the promissory note and mortgage, to be held by her as security for her indebtedness as aforesaid; which agreement was consummated. One D. F. Brown had theretofore received an assignment of said contract from said Louisa Burgess, and held the same as collateral to a claim of about $216; and thereupon plaintiff paid said Brown, the sum of $216 for said claim, and took an assignment from Brown of his interest in said contract, and assigned said interest to said executors on receiving from them an assignment of the note and mortgage mentioned in the complaint, as aforesaid.

The court found that Todd and his representatives held the note and mortgage, partly as security for his own debt, and partly in trust for plaintiff; that they were not paid and satisfied by the payment of Todd's claim; and that plaintiff was entitled to hold the same to secure the amount of her claim — it being less than the amount of the note — and directed judgment of foreclosure in the usual form, which was entered accordingly.

J. A. Stull, for appellant. It was proper to show by parol the intent and purpose for which the note and mortgage were executed. (Chester v. Bk. of Kingston, 16 N. Y., 336; McKinster v. Babcock, 26 id., 378; Mead v. York, 6 id., 449; Hutchins v. Hebbard, 34 id., 24; Delaplaine v. Hitchcock, 6 Hill, 14; Lawrence v. Tucker, 23 How. [U. S.],

14; *Shirras* v. *Craig*, 7 Cranch, 34; *Artcher* v. *McDuffiie*, 5 Barb., 147; *Brinkerhoof* v. *Marvin*, 1 J. Ch., 320; *St. Andrews Ch.* v. *Tompkins*, 7 id., 14; *Craig* v. *Tappin*, 2 Sandf. Ch., 85; *Walker* v. *Snediker*, 1 Hoff. Ch., 145.) Plaintiff was entitled to recover by virtue of the written assignment of the note and mortgage. (*James* v. *Morey*, 2 Cow., 248; *Champeny* v. *Coope*, 32 N. Y., 543, 551; *Harbeck* v. *Vanderbilt*, 20 id., 395; *Winslow* v. *Clark*, 2 Lans., 337; *Graves* v. *Mumford*, 26 Barb., 94; *Kellogg* v. *Ames*, 41 N. Y., 259.)

*J. S. Garlock*, for respondents. The note and mortgage in suit having been paid in full before the assignment to plaintiff, as against defendants she had no lien on the mortgaged premises prior to their lien, and as against Burgess' creditors she got nothing by the assignment. (*Stoddard* v. *Hart*, 23 N. Y., 556; 40 id., 299; *Mead* v. *York*, 6 id., 449, 161; *Bk. of Utica* v. *Finch*, 3 Barb. Ch., 293; 1 Meriv., 7; *James* v. *Morey*, 2 Cow., 246; *Murray* v. *Barney*, 34 Barb., 336, 347; *Bush* v. *Lathrop*, 22 N. Y., 535; *Yelverton* v. *Sheldon*, 2 Sandf. Ch., 481; 1 Hoff. Ch., 145; *Craig* v. *Tappin*, 2 Sandf. Ch., 78; *Cooper* v. *Newland*, 17 Abb., 342; *Harbeck* v. *Vanderbilt*, 20 N. Y., 395; *Trustees Un. Col.* v. *Wheeler*, 61 id., 112.) The contract between Burgess and Todd, by which the latter was directed, when the note and mortgage were executed, to assign them to plaintiff, was void under the statute of frauds. (2 R. S., 134, § 6; id., 135, § 8; 4 Kent's Com., 316; *Wheeland* v. *Wheeland*, 3 Cow., 537; *Rathbun* v. *Rathbun*, 6 Barb., 98; 7 N. Y., 564; 1 Hun, 499.) Parol proof, in regard to the execution of the note and mortgage, was not admissible. (*Gibbs* v. *Nash*, 4 Barb., 449; 23 N. Y., 556; 6 id., 449; 3 Barb. Ch., 293; 2 Com., 246; 34 Barb., 346; *Norton* v. *Coons*, 6 N. Y., 33; 1 Greenl. Ev., § 282; *Halleday* v. *Hart*, 30 N. Y., 479; *Sturtevant* v. *Sturtevant*, 20 id., 39.)

RAPALLO, J. The judgment rendered in this case at Special Term was reversed at General Term on the ground

that the debt secured by the note and mortgage, upon which this action was brought, had been paid and extinguished before the assignment of those securities to the plaintiff.

In coming to this conclusion, we think that the General Term failed to attach sufficient importance to the facts, which appear from the findings of the judge before whom the action was tried, that this debt was paid, not by Charles Burgess, the debtor and maker of the note and mortgage, but by Louisa Burgess, his wife, with property belonging to her, to which payment the plaintiff contributed, and that such payment was made in pursuance of a mutual agreement between Charles Burgess and Louisa, his wife, and the executors of Allen Todd, deceased, who were then the holders of the note and mortgage, that the executors would assign the note and mortgage in question to the plaintiff to be held by her as security for the indebtedness of Burgess to her.

These facts are clearly deducible from the findings, and as the reversal must be deemed to have been on questions of law only, we cannot go behind the findings. They show that Louisa Burgess, being the holder of a contract for the purchase of certain real estate from Vose and Davis, transferred such contract to Todd as security for the indebtedness of her husband Charles Burgess to Todd, taking back from Todd an agreement to reconvey to her his interest in said Vose and Davis' lands on the payment of said indebtedness. That Todd, while thus holding the land contract, received from Mrs. Burgess, perfected his title to the land by procuring a deed from the vendors, Vose and Davis, to himself. He then held the land subject to the equity of redemption of Louisa Burgess, or in equity was mortgage in possession. He afterwards died, and his executors agreed with Charles and Louisa Burgess, that in consideration that Louisa Burgess would surrender and cancel her agreement with Todd, under which she had the right to redeem the lands conveyed by Vose and Davis to Todd, the executors would assign to the plaintiff the note and mortgage now in suit,

This arrangement was carried out, but the plaintiff aided in its consummation by advancing the sum of $216 to discharge a lien which one Brown held upon the equity of redemption of Mrs. Burgess. The plaintiff took an assignment of that lien from Brown and transferred it to the executors, who thereupon assigned the note and mortgage to her in pursuance of their agreement with Mr. and Mrs. Burgess.

Upon this state of facts, it is plain that the plaintiff acquired a good title to the note and mortgage, without reference to the original agreement made when the mortgage was given, that it should stand as security for her claim, as well as for that of Todd. It is not necessary to resort to that arrangement to sustain the plaintiff's title, and it certainly does not impair it. It shows a good reason why Mrs. Burgess, when paying her husband's debt to Todd, should make the condition that this note and mortgage should be assigned to the plaintiff. Mrs. Burgess' when assigning her equity of redemption in the Vose and Davis lands to the executors of Todd, might justly have required them to transfer to her all securities which they held for the indebtedness of her husband. They were not extinguished by her payment, if such was not the intent of the transaction, but could be held and enforced by her for her reimbursement of what she had paid or parted with for the benefit of her husband. She being thus entitled to demand a transfer to herself, could, of course, require such transfer to be made to her nominee, and it was eminently just to require it to be made to the plaintiff, who had been promised the security of this mortgage and note, and who contributed from her own means to obtain their transfer from the executors. They were not extinguished by the transactions between Mr. and Mrs. Burgess and the executors, and it was competent for them, under the circumstances, to cause them to be kept alive for the benefit of the plaintiff. (*Harbeck* v. *Vanderbilt*, 20 N. Y., 395; *Champney* v. *Coope*, 32 id., 543.)

To the extent, therefore, of all that was due upon this note and mortgage from Burgess to the estate of Todd, at the

time of the assignment by the executors to the plaintiff, she is entitled to hold the lien as assignee of the executors. It may, from the findings and evidence, be assumed in support of the judgment at Special Term, that the whole amount of the note was due to Todd's estate, in which case the plaintiff, as assignee, was entitled to recover to the extent of the balance due her from the estate, after deducting all debts, and this the court at Special Term allowed her.

Had it appeared that little or nothing ever became due to the estate of Todd from Burgess upon the liabilities which the note and mortgage were intended to secure, then, and only then, the arrangement originally made at the time of the execution of the mortgage would have become material. By that arrangement the note and mortgage were to be held by Todd as collateral security for indorsements made by Burgess on notes which he had transferred to Todd, and, also, for the liability of Burgess to the plaintiff upon his guaranty of certain notes held by the plaintiff. This arrangement was perfectly valid; the note and mortgage were personal property, and could be held by Todd in part for his own benefit, and in part in trust for another, and such a trust could be created by parol. There was not any duplicating of the security. Although the notes held by Todd upon which Burgess was indorser, and the notes held by the plaintiff upon which Burgess was guarantor, in the aggregate, exceeded $3,158.72 (the amount of the collateral note and mortgage), yet the ultimate liability of Burgess thereon, as indorser and guarantor, might not exceed the amount of the mortgage, as the notes might have been collected from the makers in whole or in part. But had it been otherwise, the mortgage would have been a lien on the mortgaged premises only for $3,158.72, and whatever Todd became entitled to collect thereon would, under the agreement, have had the preference; and if his claims thereon had came up to the whole amount of the mortgage, they would have absorbed it, and there would have been nothing left for the plaintiff under the original arrangement. If there had been any part of the

mortgage not absorbed by the claims of Todd, the plaintiff would have been entitled to the benefit of it. Consequently, in any event, the plaintiff by virtue of the original agreement, together with the assignment from the executors, became entitled to the whole amount of the note and mortgage as security for her claim against Burgess as guarantor of the Requa notes.

It is contended, on the part of the respondent, that the payment of Burgess' indebtedness to the estate of Todd was made by Charles Burgess out of his own means, and not by Louisa Burgess. The facts found are, that the contract for the purchase of the Vóse and Davis lands was held by Louisa Burgess, and was transferred by her to Todd as security for her husband's debt. That Todd's agreement to convey the lands back was with Mrs. Burgess, and was to convey to her. There is nothing in the finding in any way impeaching Mrs. Burgess' title to this land contract as her separate property, and we cannot look beyond the findings to sustain the reversal of the judgment. But even had the payment been made by Charles Burgess out of his own means, yet if at the time of the payment it was agreed that the mortgage should not be extinguished, but should be kept alive and be transferred to another creditor of the mortgagor, and payment was made and received on that condition, the agreement would, under the reasoning of *Champney* v. *Coope* (32 N. Y., 543,) have been valid, and such a payment would not extinguish the mortgage, and the creditor to whom the mortgage was assigned, in pursuance of such an arrangement, could enforce it. No one is injured by such a transaction. The debtor could make the payment for account of the creditor to whom he desired the mortgage assigned, and the creditor could ratify the transaction by accepting the assignment. The result is the same as if the creditor had himself purchased the mortgage with means furnished by his debtor. If the facts of the case rendered it necessary, the judgment of the Special Term could be sustained, on this ground. (See, also, *James* v. *Morey*, 2 Cowen, 248.)

What is said by Selden, J., in *Harbeck* v. *Vanderbilt* (20 N. Y., 398), in regard to the effect of a payment by one of several joint debtors, has relation to the equities between joint debtors and to the rule, that one paying the joint debt is entitled only to contribution from those jointly liable with him; but none of those considerations have any application to the present case.

The order of the General Term should be reversed, and the judgment at Special Term affirmed, with costs.

All concur, except Folger, J., absent; Allen, J., on first ground.

Order reversed, and judgment affirmed.