## DURFEE *v.* KNOWLES.

*(Supreme Court, General Term, Fifth Department. October, 1888.)*

1. MORTGAGES—REQUISITES AND VALIDITY—DELIVERY—REDELIVERY.
    A mortgage and bond, executed and placed in the hands of the mortgagee to secure a loan agreed to be made, but which are afterwards returned, not having been recorded or canceled, the loan not having been required, constitute, as between the parties and assigns with notice, a valid security, when subsequently redelivered to the mortgagee to secure a loan afterwards negotiated.

2. SAME—PAROL EVIDENCE.
    It is competent to show by parol what the debt was for which the mortgage was given as security, though different from the one expressed on its face.

3. SAME.
    An agreement to let a mortgage, which had been delivered to the mortgagee, but not used, stand as security for a subsequent loan, is not a mere parol extension of the contract so as to cover a new obligation, as the mortgage has no legal inception until delivered as security for a debt.

4. SAME—ESTOPPEL—IN PAIS.
    Where plaintiff's husband, corroborated by another witness, testifies that on the day of the purchase he called on the mortgagee, who said they might go on and complete the bargain, and he would not let his mortgage stand in the way, which statement is denied by the mortgagee, the referee's refusal to find that the conversation was of the import testified to by plaintiff's witnesses will prevail, and no estoppel arise.

5. WITNESS—EXAMINATION—CROSS-EXAMINATION.
    Where a married woman has testified that a mortgage upon her land was delivered without her consent to secure a loan to her husband, it is competent to ask her, on cross-examination, if she had not admitted to the mortgagee that she consented to the delivery.[1]

Appeal from judgment on report of referee.

---

[1] Where witnesses have made statements in writing different from those made on the trial, and the statements are shown the witnesses, who acknowledge having made them, they may be read in evidence for the purpose of impeachment. Plyer v. Insurance Co., 1 N. Y. Supp. 395. See, also, note, Id. In general, on the subject of impeaching the credibility of witnesses by showing previous contradictory or inconsistent statements, either on cross-examination or by other witnesses, see Milligan v. Butcher, (Neb.) 37 N. W. Rep. 596, and note; Richards v. Derrick, *ante,* 31; Thompson v. Gregor, (Colo.) 19 Pac. Rep. 461, and note.

Action by Mary G. Durfee to restrain Henry P. Knowles from prosecuting proceedings instituted by him to foreclose a mortgage upon lands owned by the plaintiff. The report of the referee dismissed the complaint, with costs, and plaintiff appeals.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Edwin Hicks,* for appellant.    *S. B. McIntyre,* for respondent.

BARKER, P. J. The plaintiff is now the owner of the premises embraced in the mortgage, deriving her title from Sarah Cockrain by deed dated May 11, 1875, in which her husband joined, releasing his interest in the premises. The mortgage in question was executed by the plaintiff's grantors to the defendant, and bears date October 6, 1874, and was recorded on the 7th day of May, 1875, four days prior to the time the plaintiff purchased and took a conveyance of the premises. The mortgage is in every respect in due form and properly acknowledged, and expresses the consideration of $2,000; the same being given to secure the payment of a bond made by the mortgagors, conditioned to pay the defendant, the mortgagee, $2,000 in installments, the first falling due May 1, 1875. The plaintiff bases her demand for relief upon the legal proposition that the mortgage, as between parties thereto, never became a lien on the premises. It is admitted that when the plaintiff accepted her deed, and paid over the purchase money, she knew the existence of the mortgage, and that it was recorded. The proceedings to foreclose the mortgage were instituted under the provisions of the statute, and in the notice of sale there is claimed to be unpaid the sum of $295.05, and interest thereon from January 18, 1887.

In view of the plaintiff's knowledge of the existence of the mortgage at the time he purchased the premises in question, whether the defendant has a right to enforce the mortgage for any sum should receive the same determination as if the litigation had arisen between the parties thereto in an action in equity prosecuted by the defendant to foreclose the same. The controlling facts are not in serious dispute. In October, 1874, Mrs. Cockrain, the mortgagor, applied to the defendant for the loan of $4,000, which sum she would need in case she concluded the purchase of property for which she was then negotiating, and offered to secure the loan by a mortgage on the premises. The defendant agreed to make the loan to the plaintiff; and her husband, anticipating that they would need the money, prepared two bonds, each in the sum of $2,000, both of which ran to the defendant, and also two mortgages to secure the said bonds; and, after the same were duly acknowledged, they were placed in the hands of the defendant. Mrs. Cockrain did not call for the money, and in the December following the bonds and the mortgages were returned to Mrs. Cockrain. In January following her husband desired to make a loan of $750, and so informed his wife, and she offered to assist him in procuring the same. He applied to the defendant for assistance, who consented to advance the money; and at that time, and before the money was paid over, he delivered the mortgage in question to the defendant, as security for the repayment of the money; and on the following day Mrs. Cockrain had a personal interview with the defendant, relative to the proposed loan, who paid into her hands, in cash, the $750; and she executed and delivered to him a note, of which the following is a copy:

"$750.                              PALMYRA, N. Y., Jan. 13, 1875.

"Thirty days after date I promise to pay, to the order of H. P. Knowles & Co., seven hundred and fifty dollars, at the banking-house of H. P. Knowles & Co., value received, with use, and for value received. I hereby charge my individual estate with the payment of the above note, it having been given for my benefit. Bond and mortgage, $2,000, as collateral.

[Signed]                                    "SARAH M. COCKRAIN."

The note was partly printed and partly written. The referee found, as a fact, that the note was filled out and handed to Mrs. Cockrain, which she ex-

amined and read over, and was then signed by her, and delivered to the defendant; upon which the defendant then paid to her $750 in cash, and by which she fully consented that said bond and mortgage should be left as security to the defendant for such loan. This conclusion of the referee is supported by the evidence. When the mortgage was delivered to the defendant, as security for this loan, the same had not been recorded; nor had it been discharged, canceled, or obliterated, in any form or manner, since its execution. After they first came into the hands of the defendant to be used for the purpose then anticipated, they were returned to the mortgagor as unused instruments, and not obligations which had been satisfied and discharged. At the time the mortgage was delivered to the defendant, as security for the note which Mrs. Cockrain gave the defendant, it was not in any sense whatever a paid-up and extinguished security. The legal question presented is, was it competent for the mortgagors to deliver the mortgage to the defendant as security for the money loaned? This arrangement was perfectly valid. It violated no rule of law; as one of the mortgagors was the owner of the premises, and was free to incumber it as she saw fit, and as her interest might require. The transaction did not in any way affect the rights or interests of third parties. The intention of the parties being legitimate, what legal impediment exists to defeat their purpose?

The only one that has been suggested that merits consideration is that it was incompetent for the defendant to prove, by parol, the real transaction as agreed upon by the parties at the time the money was loaned; for the reason that it violates the rule of evidence that the terms of a contract reduced to writing cannot be changed or altered by that kind of evidence. It is true the real transaction does not appear upon the face of the mortgage, as no reference is made to the note which it was intended to secure, and by its terms it was executed for the purpose of securing a bond of $2,000 which had no legal existence. It would be unjust, and we think without precedent, to deprive the defendant of the benefit of the mortgage upon which he relied as security for the loan which he made to the owner of the premises, who voluntarily consented that the mortgage might be used for that purpose. The authorities sustain the proposition that, as between parties to the transaction, parol proof is admissible to show that a mortgage was in fact intended as a security for a debt other than the one mentioned and referred to on its face, provided that the entire indebtedness which it was intended to secure does not exceed the amount stated in the mortgage for which it was given as security. In *Hubbell* v. *Blakeslee*, 71 N. Y. 63, the mortgage there in question was executed for the purpose of securing to the mortgagee the discharge of liabilities which the mortgagor was under to the mortgagee as indorser, and which was fully expressed on the face of the mortgage. It was at the time of its execution and delivery also agreed between the parties that the mortgagee, after the payment and extinguishment of the mortgagor's liability, should transfer the mortgage to a third party, a creditor of the mortgagor, to be held by him as a collateral security for his debt. Under this arrangement, the mortgagee's debt was mostly paid up by the mortgagor. It was held that the agreement to transfer the mortgage was valid and binding on the parties, and that it was competent to prove the same by parol evidence, and that the assignee might enforce it as a security for the payment of his debt existing at the time the mortgage was executed. The case of *Bank* v. *Finch*, 3 Barb. Ch. 293, is also in point. There, at the time the mortgage was executed, the mortgagor's liability to the mortgagee was the sum of $34,000 and upwards, on commercial paper held by the bank, and by the terms of the mortgage it was given to secure the payment of an indebtedness of $30,000. The agreement of the parties was that the mortgage should cover the liabilities of the mortgagor to the bank, from time to time, including new discounts and subsequent loans; but such agreement was not expressed on the face of the mortgage, which was exe-

cuted and delivered in the form mentioned. In an action to foreclose the mortgage, some of the defendants, who were creditors of the mortgagor, insisted that the arrangement of the parties, made at the time of the execution of the mortgage, so far as the same was not expressed on the face of the mortgage, was not binding upon the mortgagor, nor on them, and could not be proved by parol. It was held by the vice-chancellor, and also by the chancellor on appeal, that it was competent for the mortgagee to show, by parol proof, the original arrangement of the parties not to contradict the writing, but to show the purpose and intent for which the mortgage was executed. *Truscott* v. *King*, 6 N. Y. 147; *McKinster* v. *Babcock*, 26 N. Y. 378. Supposing at the time the $750 was loaned, and the note given, the mortgagors had desired a loan of $4,000, as contemplated when the bonds and mortgages were prepared and executed, and they had been delivered as a security, no one would question the validity. In fact, the defendant loaned them a less sum of money, and the mortgage has been delivered as a security for its repayment, and it should be enforced according to the intention of the parties.

The legal proposition presented by the learned counsel for the plaintiff, as to a mere verbal agreement to extend the mortgage so as to cover a new obligation, not within the original agreement, has no just application to the facts of this case. Here the mortgage had no legal inception until it was delivered, with the consent of the mortgagors, as a security for the money loaned by the defendant.

The plaintiff contends that the defendant is estopped by his own conduct from asserting the mortgage as a lien upon the premises. On the day the plaintiff concluded the purchase, and received her deed, her husband, acting as her agent, called upon the defendant, and informed him that the plaintiff was about to purchase the premises, and wanted to make some arrangement about the mortgage; and he testifies that the defendant said that the plaintiff might go on and complete the bargain, and he would not let his mortgage stand in the way. Another witness, present at the interview, corroborates the last-named witness. The defendant denies that he made the statement as testified to by these witnesses. Conceding the conversation was as contended by the plaintiff, there was no statement or admission by the defendant that the mortgage was satisfied, or had ceased for any reason to be a lien upon the premises; nor did he promise to release the same, or to do any act which would enable the plaintiff to take a title to the property free from this incumbrance. The plaintiff was not misled nor deceived; and, if she had acquired a title free from the lien, then it must be by virtue of some promise made by the defendant, and we think none was established by the evidence. The referee was asked by the plaintiff to find that the conversation at the interview was of the import as testified to by the plaintiff's witnesses, and he declined so to find. As the evidence was conflicting on this question, the referee's conclusions must prevail; which leaves the plaintiff without any fact upon which to base an estoppel.

The plaintiff called Mrs. Cockrain as a witness, and sought to prove by her that the mortgage was delivered by her husband, as a security for the note, without her consent; and on cross-examination she was asked, in substance, if she had not admitted to the defendant, since the giving of the note, that she consented to the delivery by her husband of the mortgage as a security for the note; and she answered that she had. This was competent proof, as it was an admission inconsistent with the tenor of some parts of her evidence given on her direct examination. We have examined all the other exceptions, and fail to discover any error in the ruling of the referee to which the exceptions applied. Judgment affirmed, with costs. All concur.