.JACOB I. HOUSEMAN, Respondent, *v.* WILLIAM H. J. BODINE, Appellant.

Plaintiff and defendant were co-sureties on the bond of A., brother of defendant, as administrator. A. having appropriated to his own use, moneys of the estate, plaintiff loaned to him half the amount so appropriated and defendant executed to him a bond and mortgage for a sum equal to the other half, under an understanding that it was not to be ·assigned or used in any manner, save as a voucher in his favor as administrator. The loan not having been paid, plaintiff instituted proceedings to secure his release and discharge as surety. In order to induce plaintiff to abandon his proceedings and to remain as surety, A., pursuant to an arrangement between the parties, executed to plaintiff an assignment of said bond and mortgage. Annexed to it was a writing, signed, sealed and acknowledged by defendant, consenting to the :assignment, and for a consideration expressed, covenanting and agreeing :that the bond and mortgage were good, valid and subsisting securities

for the amount secured thereby; that no part of it has been paid or satisfied; and that there were no offsets or counter-claim against, or defense of any kind to the same. Plaintiff thereupon abandoned his proceedings. In an action to foreclose the mortgage, *held*, that the practical effect of the instrument so executed by defendant was the creation of a valid and effectual bond and mortgage given for a good consideration, and so, as against the mortgagor, plaintiff was entitled to a judgment of foreclosure.

(Argued June 18, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage given by the defendant William H. J. Bodine to Albert Bodine, and by him assigned to the plaintiff.

The defense interposed was that the mortgage was wholly without consideration, of which fact the plaintiff had full knowledge, prior to the assignment thereof to him. Annexed to the assignment, at the time of the delivery thereof to the plaintiff, was a writing signed, sealed and acknowledged by the defendant William H. J. Bodine, which reads as follows : "Know all men by these presents, that I, William H. J. Bodine, the mortgagor named in the mortgage to Albert Bodine, administrator, etc., dated November 17, 1879, recorded in Richmond county clerk's office, in Liber 104, page 335, December 16, 1879, described in the foregoing assignment thereof do hereby consent to the execution and delivery of the said foregoing assignment of said mortgage, and the bond accompanying the same, by said mortgagee to Jacob I. Houseman, and in consideration of one dollar to me paid in hand by said Houseman, the receipt whereof is hereby acknowledged, I covenant, stipulate and agree with said Houseman that the said bond and mortgage are good, valid and subsisting securities for the principal sum of $7,500, and interest thereon from the 17th day of November, 1879, no part of which has

been paid or satisfied, and there are no offsets or counter-claims against the same, and I have no defense of any kind to said bond and mortgage." The circumstances surrounding, and which led to, the making and delivery of the bond and mortgage, and induced the subsequent assignment to this plaintiff and his acceptance thereof are as follows: The plaintiff and defendant mortgagor were sureties upon the bond of Albert Bodine, as administrator of Mary Bodine. Albert appropriated, to his own use, moneys of the estate amounting to about $15,000. At his request the plaintiff loaned him $7,500. And the co-surety, William H. J. Bodine, a brother of Albert, made and delivered to him the bond and mortgage in question for $7,500, upon the understanding, never-theless, that it should not be assigned, or in any manner used, except as a voucher or evidence in his favor as administra-tor. Albert failing to repay the loan, the plaintiff instituted proceedings in surrogate's court to secure his release and dis-charge as surety upon the bond of Albert as administrator. The steps taken in that direction resulted in the granting of an order by the surrogate's court that the administrator render and file an account on or before the 15th day of January, 1884, or that an attachment as for contempt issue against him. William H. J. Bodine and Albert having failed in their attempt to persuade the plaintiff to abandon such proceedings, Albert offered to assign to him the bond and mortgage in controversy. Plaintiff had been informed by the mortgagor personally that Albert had no right to dispose of them, and he declined to take an assignment. Thereafter, in order to prevent a further prosecution of the proceedings, and to induce the plaintiff to continue on the bond as surety, Albert executed an assignment of the bond and mortgage to the plaintiff, and the defendant William H. J. Bodine executed the foregoing consent, wherein he covenanted and agreed that such bond and mortgage were valid and subsisting liens and securities, and that he had no defense thereto. The plaintiff thereupon, and on the day designated for the issue of an attachment against Albert, in the event of his

failure to file an account, accepted the assignment upon the express agreement that the pending proceedings in surrogate's court should be abandoned, and the plaintiff remain a surety upon the administrator's bond.

*A. R. Dyett* for appellant. The certificate of the appellant did not and could not in any event create any estoppel *in pais* against him, no matter what consideration there was between the plaintiff and Albert Bodine for the assignment, because the plaintiff knew all the facts, and so knew the truth, and that the certificate was false. (3 Hill, 221; 5 Den. 157; *Lawrence* v. *Brown*, 5 N. Y. 394, 401; *Hutchins* v. *Hebbard*, 34 id. 27; *Jewett* v. *Miller*, 10 id. 402; *Plumb* v. *C. Ins. Co.*, 18 id. 394; *Payne* v. *Burnham*, 62 id. 69; *Baker* v. *U. M. L. Ins. Co.*, 43 id. 283.) The bond and mortgage being choses in action, non-negotiable, and past due when assigned to the plaintiff, and in addition, as he knew all the facts, and that they were invalid in the hands of the mortgagee, no consideration, however full or valuable, as between him and the mortgagee, would be sufficient to entitle him to recover thereon or get any better title than the mortgagee had. (64 N. Y. 220; 79 id. 29, 30; 97 id. 581, 584.) The plaintiff did not prove any such consideration. He attempted to prove that the consideration for the assignment was the discontinuance of his proceeding against Albert Bodine, as administrator. The proceeding was never discontinued. (*Averill* v. *Patterson*, 10 N. Y. 502.) The proceeding not having been discontinued, the consideration for the assignment of the bond and mortgage failed. (*Van Camper* v. *Ford*, 15 N. Y. S. R. 310; *Gildersleeve* v. *P., etc., R. R. Co.*, 16 Wkly. Dig. 128.) The bond and mortgage were not received in payment of Albert Bodine's indebtedness to the plaintiff, but simply as a security therefor. (*Bennett* v. *Buchan*, 76 N. Y. 388, 390; *Phelps* v. *Vischer*, 50 id. 69, 72; *A. C. Bank* v. *Hunsicker*, 72 id. 257, 258; Code Civ. Pro. § 99.) But if the plaintiff attempts to or can now rely to any extent or for any purpose upon any express or implied agreement that the plaintiff should extend the time

for Albert Bodine to file his accounts, there having been no agreement for any definite extension, it is unavailing. (*Draper* v. *Romeyn*, 18 Barb. 166; *Dorlon* v. *Christie*, 39 id. 610; *Thompson* v. *Hall*, 45 id. 214; *A. C. Bank* v. *Hunsicker*, 72 N. Y. 257, 258; 39 Barb. 613; *Taylor* v. *Allen*, 36 id. 294; *Reynolds* v. *Ward*, 5 Wend. 501; *Bank of Utica* v. *Ives*, 17 id. 501; *A. N. Bank* v. *Franklin*, 55 N. Y. 238; *Myers* v. *Welles*, 5 Hill, 463; *Fellows* v. *Prentiss*, 3 Den. 512; *Hart* v. *Hudson*, 6 Duer, 294; *N. Y. E. Co.* v. *De Wolf*, 3 Bosw. 86; *Mickles* v. *Colvin*, 4 Barb. 304; *Clark* v. *Eli*, 3 Sandf. Ch. 166; *West* v. *A. E. Bk.*, 44 Barb. 175; *Wardell* v. *Howell*, 9 Wend. 170.) The court erred in admitting evidence of conversations between Albert Bodine and his attorney, Mr. Townley, with Mr. Stafford, the plaintiff's attorney, concerning the bond and mortgage and its validity and its assignment to the plaintiff. (*Foote* v. *Beecher*, 78 N. Y. 155, 157; *Norton* v. *Mallory*, 63 id. 434, 438; *Anderson* v. *R.*, etc., *R. R. Co.*, 54 id. 334, 341, 342; *Warrall* v. *Parmalee*, 1 N. Y. 519–521; *Martin* v. *N. Y.*, etc., *R. R. Co.*, 103 N. Y. 624.) The bond and mortgage being executed to Albert Bodine, as administrator, etc., of Mary A. Bodine, deceased, and that fact appearing on their face, whatever right, title or interest he had in them was as such administrator, and he had no power or authority, even with the consent of the appellant, to assign them to the plaintiff to pay or secure his individual indebtedness to the latter. (*Sheridan* v. *Mayor*, etc., 68 N. Y. 30, 31, 32; *Stone* v. *Frost*, 61 id. 614, 615; *Durgin* v. *Ireland*, 10 N. Y. 322; *LeBarron* v. *L. I. Bank*, 53 How. Pr. 286; *Powers* v. *Powers*, 48 id. 389; *Colt* v. *Lasnier*, 9 Cow. 320; Williams on Exrs. 840, 841, 842; *Sutherland* v. *Brush*, 7 Johns. Ch. 21; *Fielk* v. *Scheffelin*, Id. 153; *Hall* v. *Erwin*, 60 Barb. 349; 66 N. Y. 649.)

*Sidney F. Rawson* for respondent. Cases which hold substantially that an estoppel cannot work in favor of a usurious lender against a borrower, have no application to a case like the one in hand. (*Hinman* v. *Moulton*, 14 Johns. 466; *Smith* v. *Weed*, 20 Wend. 184; *Hilliard* v. *Austin*, 17 Barb.

141; *Seaman* v. *Seaman*, 12 Wend. 381; *Stuart* v. *McGuin*, 1 Cow. 99; *Watson* v. *Randal*, 20 Wend. 201; *MacLaren* v. *Percival*, 102 N. Y. 675; *White* v. *Hoyt*, 73 id. 511; *Beckwith* v. *Brackett*, 97 id. 53; *Fay* v. *O'Neill*, 36 id. 1.) Where all the facts and circumstances surrounding a transaction tend to impeach a witness, he may be disbelieved although uncontradicted. (*Simson* v. *Satterlee*, 6 Hun, 305; 64 N. Y. 657; *Elwood* v. *W. U. T. Co.*, 45 id. 549, 554; *Sheridan* v. *Meyer*, 8 Hun, 427; 2 id. 43; *Becker* v. *Koch*, 104 N. Y. 394.)

PARKER, J. We think the plaintiff's right to enforce the mortgage may rest upon the agreement of the defendant, and his intention, founded upon it, to give it effect in the hands of the plaintiff, inasmuch as it is supported by a good consideration.

There was sufficient consideration to support an agreement in the relinquishment by the plaintiff of his right to proceed against Albert. And the trial court has found upon evidence to support it that such was the consideration of the agreement which induced the plaintiff to accept the assignment.

Had the defendant for such a consideration executed and delivered to the plaintiff a bond and mortgage for $7,500, its validity in the mortgagee's hands, and his right to enforce it, would not admit of controversy.

Instead of taking that course the mortgagor executed the agreement before us, in which he not only consented to the assignment, but in addition covenanted that there was due and unpaid on the bond and mortgage the full amount purporting to be secured thereby. This was in legal effect a promise to pay to the assignee the moneys secured by it. (*Eder* v. *Rouse*, 15 Wend. 218.) And this proposition might be given application in support of the judgment, were it not that we prefer to rest our decision upon the broader ground that the practical effect of the agreement was the creation of a valid and effectual bond and mortgage. Here was a bond and mortgage made for a given purpose. That purpose had in part been accomplished when the parties to it determined to make still further

use of it. For a valuable consideration it was assigned to the plaintiff, and thereby he acquired title. Had it been done without the consent of the mortgagor it could not have availed him. But the mortgagor consented, and in writing. He did more, he covenanted that the whole amount secured by the bond and mortgage was due and owing thereon. And from this instrument it is apparent that it may be assumed to have been the intention of the parties that these securities should first have a valid inception in the hands of the plaintiff.

That, as between themselves, the intent of the parties must govern and be allowed to give force and effect to the bond and mortgage in the hands of the plaintiff is established by authority.

In *Purser* v. *Anderson* (4 Edw. Ch. 17), the court considered the question whether a bond and mortgage which had been paid, and thereby became satisfied and "a dead letter" in the hands of the mortgagee, could be assigned so as to be of any effect or avail to the assignee. It was held that "with the assent and concurrence of the mortgagor it could be assigned, and in the hands of an assignee for value it would be available as against the mortgagor and mortgagee."

This proposition was cited with approval in *Hoy* v. *Bramhall* (19 N. J. Ch. 563).

In *Hubbell* v. *Blakeslee* (71 N. Y. 63) it was held that if the mortgagor pay the mortgagee the amount secured by the mortgage, yet if it was agreed at the time, and payment was received, on the condition that the mortgage should be kept alive and transferred to another creditor of the mortgagor, such an agreement would have been valid, and the payment would not have extinguished the mortgage.

As between themselves in such case, whether or not the mortgage retain life is determined by the intent of the parties. (*Cady* v. *M. Bank,* 14 N. Y. S. R. 99 ; *Champney* v. *Coope,* 32 N. Y. 543.)

The judgment should be affirmed.

All concur.

Judgment affirmed.