LAFAYETTE E. PRUYNE, as Trustee, etc., Respondent, *v.* THE ADAMS FURNITURE AND MANUFACTURING COMPANY (LIMITED) and Others, Defendants; MARTHA A. SINCLAIR and THE CITIZENS' NATIONAL BANK OF Adams, N. Y., Appellants.

*Corporation — form of a certificate of acknowledgment by — surrender for a special purpose of bonds secured by a mortgage — mortgage not discharged thereby.*

It is the policy of the law to uphold a certificate of the acknowledgment of an instrument by a corporation when substance is found in the certificate, and it should be the aim of courts, in cases of defective certificates, to preserve and not to destroy their efficiency.

There is no particular form required by statute for the acknowledgment of an instrument, when such acknowledgment is made by a corporation.

In an action brought to foreclose a mortgage given by a corporation to a trustee to secure bonds, it appeared that when the mortgage was given the capital stock of the corporation was $20,000; that bonds were issued under the mort-

gage, and were sold at par to the stockholders of the company; that thereafter the company went into the hands of a receiver, and subsequently the capital stock was increased to $40,000, and the bonds, in pursuance of a resolution of the board of directors, were exchanged for stock of the corporation, and were surrendered for the purpose of being guaranteed by individual stockholders, and then being sold to third persons for the purpose of raising money, which was done under the express understanding and agreement that the bonds when surrendered were not to be canceled, but were to be reissued.

*Held,* that there was no merger, and that the mortgage was not satisfied by the surrender of the bonds.

APPEAL by the defendants, Martha A. Sinclair and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 21st day of June, 1895, upon the decision of the court rendered after a trial at the Jefferson Special Term.

The action was brought to foreclose a mortgage or trust deed executed by The Adams Furniture and Manufacturing Company (Limited) to the plaintiff. It was dated the 15th day of August, 1889, recorded on the twenty-eighth of the same month, and given to secure thirty-six bonds of $500 each, payable on the 15th day of August, 1899, with semi-annual interest, payable on the fifteenth day of February and August of each year. It was given pursuant to the consent of the stockholders and a resolution passed at a meeting of the directors of the corporation. It was attested: "In Witness Whereof, the party of the first part has caused its corporate seal to be affixed hereto, and these presents to be subscribed by its president and secretary, and by the party of the second part the day and year first above written." (Signed) "DeAlton Dwight, President. L. E. Pruyne. Attest, John Sinclair, Secretary." The proof or acknowledgment was as follows:

"STATE OF NEW YORK, ⎫
　　County of Jefferson, ⎬ *ss.:*
　　　　　　　　　　　⎭

"On this 22d day of August, 1889, before me personally came John Sinclair, to me known and known to me to be the secretary of the Adams Furniture & Manufacturing Company, Limited, of the village of Adams, New York, the corporation mentioned and described in the foregoing mortgage or deed of trust as the party of the first part thereto, who being by me duly sworn did depose and say that he resided in the village of Adams, N. Y.; that he is the secretary of

the Adams Furniture & Manufacturing Company, Limited, and knows the corporate seal thereof; that the seal on the foregoing mortgage. or deed of trust is the corporate seal of said company, and was affixed thereto by the order of the Board of Directors of said company, and especially authorized by the stockholders of the company in meeting duly assembled, and that he signed his name thereto by like order as secretary of said company. And deponent further says that he is acquainted with DeAlton Dwight, and knows him to be the president of said company; that the signature of said DeAlton Dwight. subscribed to the foregoing mortgage or deed of trust is in the genuine handwriting of said Dwight, and was thereto subscribed by like order of said Board of Directors in the presence of said deponent. (Signed) John Sinclair. Sworn to before me, August 22, 1889. A. F. Saunders, Notary Public, Jefferson county." It was also acknowledged on the twenty-seventh of August by such trustee.

The thirty-six. bonds secured by the mortgage or trust deed were issued and sold at par to the stockholders of the company. A year or so after the company failed, and went into the hands of a receiver. Subsequently the capital stock was increased, and the then holders of the bonds were requested to surrender them and take stock therefor, which they did. They were surrendered for the purpose of being guaranteed, and then sold to persons not connected with the corporation. It was expressly agreed and understood that they should not be canceled when surrendered, but resold for the benefit of the company. In pursuance of this understanding the bonds were surrendered, guaranteed by individual stockholders, and resold by the officers of the company without any new consent of the stockholders or any written resolution of the directors. The defendants, the Citizens' National Bank of Adams and Martha A. Sinclair, are judgment creditors of the corporation, their judgments having been obtained in March, 1895.

On the trial the Special Term held that the plaintiff's mortgage was a lien prior to the judgments of the defendants, and ordered the usual judgment of foreclosure.

*Lansing, Lansing & Jones,* for the appellants.

*Rogers & Atwell,* for the respondent.

PER CURIAM :

The appellants insist that the lien of the mortgage or trust deed given to the respondent by The Adams Furniture and Manufacturing Company (Limited) is inferior to the lien of their judgments because it was not properly acknowledged, or ʳattested by one witness, as required by the statute. (4 R. S. [8th ed.] 2451, § 137.) We are of the opinion that the proof of acknowledgment was a sufficient compliance with the statute, and that the trust deed or mortgage, when thus acknowledged and delivered, became effectual against subsequent purchasers or incumbrancers. We find no statute which prescribes any particular form of proof or acknowledgment of a deed or mortgage made by a corporation. It was in form like the precedent in Jenkins' Clerk's Assistant, which has been in use and followed for many years. No case is cited and none has been found where the precise question involved has been decided, yet the cases we have examined, so far as they bear upon the question, tend to sustain the validity of the acknowledgment. (*Lovett* v. *The Steam Saw Mill Association,* 6 Paige, 54; *Trustees of Canandaigua Academy* v. *McKechnie,* 90 N. Y. 618, 621.)

In *Merrill* v. *Montgomery* (25 Mich. 73), where a conveyance was sealed with the corporate seal, and signed by the president and cashier, it was held that an acknowledgment by the cashier was sufficient. The same doctrine was laid down in Devlin on Deeds (§ 468).

In *Claflin* v. *Smith* (15 Abb. N. C. 241, 248) the rules of construction applicable to certificates of acknowledgment are collated and commented upon. In the opinion in that case, among other things, it is in effect said, that where no form of certificate is prescribed it need not be in any particular form, and that " it is the policy of the law to uphold a certificate when substance is found, and it should be the aim of courts, in cases of defective certificates, to preserve and not to destroy, and the court should be astute to find means to make official acts effectual," citing *Morse* v. *Clayton* (21 Miss. 373); *Wells* v. *Atkinson* (24 Minn. 161). If correct in our conclusion that the mortgage or trust deed was properly acknowledged or proved, it follows that it was a lien upon the premises superior to that of the appellants' judgments.

The appellants, however, insist that even if the mortgage was

valid it was discharged by payment of the bonds it was given to secure. When this mortgage was given the capital stock of the corporation was $20,000. The bonds were all taken by stockholders. It was subsequently determined that the capital stock should be increased to $40,000. The stockholders who held the bonds were then requested to, and, in pursuance of a resolution adopted by the board of directors of the corporation, did exchange them for stock of the company. The bonds were then surrendered to the company by the holders for the purpose of having them guaranteed by individual stockholders and sold to persons who were not connected with the corporation. It was expressly agreed, and distinctly understood, that the bonds were not to be canceled when surrendered, but were to be thus resold. This was done.

The contention of the appellants is that this mortgage was discharged by the surrender of the bonds, and that their resale without the further consent of the stockholders, or a further resolution of the directors before the rights of the appellants had accrued, rendered the mortgage invalid as to them. If these bonds had been surrendered for the purpose and with an intent to discharge the debt secured thereby, it would, perhaps, follow that the mortgage would be invalid as to the appellants' judgments. But manifestly that was not the intent. The bonds were surrendered for the purpose and under an express agreement, or understanding, that they were not to be canceled, but were to be resold to raise money to conduct the business of the company. Under these circumstances there was no merger, as clearly such was not the intention of the parties. (Beach on Modern Eq. Juris. § 457; *Smith* v. *Roberts*, 91 N. Y. 470; *Matter of Gilbert*, 104 id. 200; *Asche* v. *Asche*, 113 id. 232.) Indeed, there does not seem to be any question of merger involved in this case. The question is whether the surrender of the bonds, in pursuance of the agreement between the holders and the corporation, operated as a payment and consequent discharge of the mortgage given to secure them. As a general rule the payment of a debt secured by a mortgage will extinguish the mortgage. But the intent of the parties will govern, and the mortgage will not be extinguished by the payment if it was the intention to still keep it alive. (Beach on Modern Eq. Juris. § 457; *Coles* v. *Appleby*, 87 N. Y. 114; *Harbeck* v. *Vanderbilt*, 20 id. 395; *Kellogg* v. *Ames*, 41

id. 259, 263 ; *Champney* v. *Coope*, 32 id. 543 ; *Hubbell* v. *Blakeslee*, 71 id. 63 ; *Houseman* v. *Bodine*, 122 id. 158, 164.)   It is manifest that it was not the intention of the parties that this mortgage should be extinguished.   But the agreement between them shows conclusively · that they intended that it should continue in existence as security for the bonds after they were resold by the corporation.

Thus we are led to the conclusion that the contention of the appellants cannot be sustained ; that the mortgage was a valid security for the payment of the bonds, and was a lien upon the premises prior and superior to that of the appellants' judgments.

The judgment must be affirmed, with costs.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment affirmed, with costs.